884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ISLAND CREEK COAL COMPANY; Old Republic Insurance
Companies; Petitioner,
v.
Norma J. ALEXANDER (Widow of Johnny Alexander); Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 88-3863.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1989.
 
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners Island Creek Coal Company ("Island Creek") and its insurer, the Old Republic Insurance Company, appeal an order of the Benefits Review Board awarding black lung survivors benefits to claimant Norma Alexander, the widow of Johnny Alexander.
 
 
 2
 Born on March 21, 1935, Johnny Alexander was employed as an underground coal miner in Kentucky for over fifteen years. Prior to his death on June 29, 1981, he filed an application for black lung disability benefits on December 28, 1977. After an administrative hearing, Administrative Law Judge Reno Bonifanti denied Alexander's application on January 28, 1982. While concluding that Alexander was entitled to a presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(1), the ALJ held that Island Creek had overcome the presumption. In reaching his conclusion, the ALJ: (1) credited a medical evaluation performed by a pulmonary specialist, Dr. Gallo, which stated that Alexander's medical condition was caused by heart disease; (2) held that a June 1979 lung biopsy showed no evidence of pneumoconiosis; and (3) rejected the medical opinion of Dr. Calhoun, a physician whose report the ALJ held to be unsupported by the evidence. The Benefits Review Board affirmed the denial of benefits on September 6, 1984.
 
 
 3
 Alexander died on August 20, 1981. Before the ALJ rendered his decision in January 1982, Alexander's widow, Norma, filed the instant application for survivors' benefits, in which she adduced an autopsy which indicated that Johnny had indeed suffered from pneumoconiosis. After rejecting Island Creek's claim that Johnny Alexander's earlier application collaterally estopped Norma from receiving survivors' benefits, Administrative Law Judge Joan Rosenzweig held that under 20 C.F.R. Sec. 718 et seq. (regulations superseding 20 C.F.R. Sec. 727 et seq., under which Johnny Alexander's application had been evaluated), Norma Alexander was entitled to a presumption of that her husband's death was due to pneumoconiosis. The ALJ further held that Island Creek failed to show that Alexander's death was not due to pneumoconiosis, and thereby failed to rebut the presumption. The ALJ decided to award benefits; the Benefits Review Board affirmed the ALJ's decision as being supported by substantial evidence. Island Creek appeals solely on the ground that principles of collateral estoppel preclude Norma Alexander from receiving benefits, given the Board's prior rejection of Johnny Alexander's application.
 
 
 4
 Upon consideration, we are of the opinion that the Benefits Review Board did not err in awarding black lung survivor's benefits to claimant Norma Alexander as widow of the decedent. We need not determine with finality whether her husband's earlier and entirely separate claim was itself final or yet subject to modification or appeal at the time of his death, thus precluding the application of principles of collateral estoppel. Rather, we conclude that the administrative law judge and Benefits Review Board were justified in reaching a different conclusion than that reached in Johnny's earlier application, given the introduction in these proceedings of the autopsy report which provided new evidence which could then be properly included in the evaluation of all available evidence. Accordingly, the decision below, which rested on this new definitive evidence could properly produce a different result from Johnny's earlier application without fear of violating principles of collateral estoppel.
 
 
 5
 Further, we note the Supreme Court's decision in Montana v. United States, 440 U.S. 147, 157-58 (1979), which held that collateral estoppel may not be invoked where "controlling facts or legal principles have changed significantly, or where the circumstances of the case justify an exception to general estoppel principles. See Commissioner v. Sunnen, 333 U.S. 591, 600 (1948). For these reasons and for the other reasons set forth in the decision of the Benefits Review Board, the Board's decision is AFFIRMED.